## ASSOCIATION OF APARTMENT OWNERS OF THE CHANDELIER by its Board of Directors, Plaintiff
### v.

## JOHN HUDSON, LUCILLE HUDSON, INTERNATIONAL SAVINGS AND LOAN ASSOCIATION, Ltd., JOHN DOES 1-50, JANE DOES 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50, Defendants

High Court of American Samoa
Trial Division

FJ No. 2-87

August 31, 1989

Before REES, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Defendant/Petitioner International Savings and Loan,
 Tautai A.F. Fa'alevao
 For Defendants/Respondents John and Lucille Hudson,
 L. Su'esu'e Lutu

On Order to Show Cause:

On June 17, 1988, defendants were ordered to pay $2000 per month on this foreign judgment and also to make a payment of $35,000 on October 1, 1988, by which time defendant John Hudson assured the Court he would have received his "retention" payment on a government contract. The Court specifically ordered that "[i]f at any time it appears to defendant that he will not be able to meet this schedule, he should inform the Court immediately of this and of the reasons therefor."

On September 29 defendants moved for a modification of the order, to allow the lump sum payment of $30,000 (apparently a typographical error, since the order had specified $35,000) at a later date. On October 19 the Court modified its order to allow this payment to be made no later than December 31, 1988.

The modified order specified that "[a]ll other terms and conditions of the Order in Aid of Judgment remain in effect." This included the provision that Mr. Hudson was responsible for notifying the Court in advance if it should appear that he would be unable to meet any scheduled payment.

Mr. Hudson did not make the lump sum payment and did not request a modification of the order prior to December 31, 1988. Counsel for the judgment creditor consequently moved that he be ordered to show cause why he should not be held in contempt of court.

Mr. Hudson's defense is that he did not receive the retention payment at the scheduled time; that a Court order in another case subjected to a pre-judgment garnishment $29,000 of the $70,000 he had expected to receive; that the Tax Office issued a lien and withheld another $18,000 of the expected proceeds for nonpayment of 1988 FICA taxes; and that he applied the remaining $23,000 to the balance due on

the judgment debt in this case, to a bond in a project he is now working on, and to living and personal expenses.

None of this affords Mr. Hudson any excuse for not notifying the Court *in advance* that he would be unable to make the December 31 payment and requesting a modification of the order. Accordingly, we find him in contempt of Court.

Sentencing will be postponed indefinitely for so long as Mr. Hudson pays $2000 per month to the Clerk of Court on the outstanding balance of the foreign judgment debt, on or before the 10th day of each month; and also deposits with the Clerk of Court 80% of any "retention" payment he should receive prior to satisfaction of the judgment debt. Upon deposit of any such lump sum payment, the Court will decide which of Mr. Hudson's various creditors, if any, is entitled to it.

If Mr. Hudson complies scrupulously with the provisions of this order, no sentence will be imposed.

Mr. Hudson suggests that much of his problem was caused by the Court's order allowing pre-judgment garnishment in the other case, CA No. 33-89. He suggests that the Court should now reconsider its order and allow the garnished funds to be applied to satisfaction of the judgment in the present case.

The record in CA No. 33-89 reflects that Mr. Hudson agreed to the garnishment. We cannot modify our order in that case without giving the other parties notice and an opportunity to be heard. Mr. Hudson is free to make a motion for such modification with notice to all parties to CA No. 33-89. The judgment creditor in the present case is also free to intervene in CA No. 33-89 in order to assert any prior entitlement to the garnished funds. Pending any such motion, the funds will remain where they are.

It is so ordered.